MIKIE SHERRILL
*Governor*

DR. DALE G. CALDWELL
*Lt. Governor*

*State of New Jersey*
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
PO Box 45029
Newark, NJ 07101

JENNIFER DAVENPORT
*Attorney General*

MICHAEL C. WALTERS
Director

August 27, 2026

**VIA CM/ECF**
Hon. Matthew J. Skahill, U.S.M.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

Re: *Padua et al. v. Davenport et al.* (Docket No. 1:25-cv-13527-KMW-MJS)

Dear Judge Skahill:

This office represents Defendants Jennifer Davenport, Attorney General of the State of New Jersey, and Lt. Col. Jeanne Hengemuhle, Acting Superintendent of the New Jersey State Police, in the above-referenced matter. Defendants request leave to file a motion to stay this case pending the United States Supreme Court's decision in *Viramontes v. Cook County* and *Grant v. Higgins* this coming Term. Plaintiffs have indicated that they do not consent to a stay.

Plaintiffs filed their Motion for Summary Judgment on August 7, 2026 (*see* ECF No. 44). On July 17, the Third Circuit Court of Appeals issued its *en banc* decision in *Association of New Jersey Rifle & Pistol Clubs v. Attorney General of New Jersey* 183 F.4th 211 (3d Cir. 2026) (*ANJRPC*), holding unconstitutional New Jersey statutes restricting possession of assault weapons and possession of large capacity ammunition magazines. *Id.* at 223. In doing so, *ANJRPC* applied a new methodology that split from how all other circuits have applied *New York Rifle & Pistol Club, Inc. v. Bruen*, 597 U.S. 1 (2022) to laws regulating possession of weapons and accessories. *Contrast ANJRPC*, 183 F.4th 211 *with Capen v. Campbell*, 134 F.4th 660 (1st Cir. 2025); *Nat'l Ass'n for Gun Rts. v. Lamont*, 153 F.4th 213 (2d Cir. 2025), *cert granted sub nom Grant v. Higgins* (2026); *Bianchi v. Brown*, 111 F.4th (4th Cir. 2024); *Bevis v. City of Naperville*, 85 F.4th 1175 (7th Cir. 2023).

The Third Circuit stayed the mandate in *ANJRPC* pending the Attorney General's forthcoming petition for certiorari to the U.S. Supreme Court. *See* Order on Motion to Stay Mandate Pursuant to Fed. R. App. 41(d)(1), *ANJRPC*, No. 24-2415, Dkt. No. 129 (3d Cir. Aug. 4, 2026) (attached to this letter as Exhibit A). The Supreme Court is likely to grant that petition for certiorari because it has already granted certiorari this coming Term for two cases dealing with substantively similar assault weapons statutes. *See Viramontes v. Cook County*, 2025 WL

1553896, *cert granted*, 25-238, --- S. Ct. ---, 2026 WL 1871322 (U.S. June 30, 2026) (Mem); *Nat'l Assoc. for Gun Rights v. Lamont*, 153 F.4th 213 (2d Cir. 2025), *cert granted sub nom*, *Grant v. Higgins*, 25-566, --- S. Ct. ---, 2026 WL 1871312 (U.S. June 30, 2026) (Mem). And, as noted, *ANJRPC* created a significant circuit split on the constitutionality of assault weapons statutes and the methodology used in Second Amendment weapons-possession cases.

The Supreme Court's forthcoming ruling in *Viramontes*, *Grant*, and likely *ANJRPC* itself will resolve this circuit split and provide definitive guidance on the methodology that lower courts must apply in Second Amendment cases such as this one. Because the Supreme Court may not agree with the *ANJRPC* analysis, this Court should stay this case until the Supreme Court has ruled and provided guidance on the methodology to be employed for such cases. Doing so will promote judicial economy, since any briefing done (and certainly any decision made) before the Supreme Court rules will likely need to be revisited after the Supreme Court issues its decision.

Defendants therefore request leave to move to stay these proceedings until the Supreme Court issues its decision in *Viramontes* and *Grant.* Defendants also request that the Court administratively terminate Plaintiffs' pending summary judgment motion while it considers Defendants' motion for a stay, or at least hold the current briefing deadlines in abeyance while it considers Defendants' request for leave to file a motion for a stay.

Defendants welcome a conference with the Court and Plaintiffs to discuss this matter further if it would be helpful to the Court.

Very truly yours,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY
By: */s/ Jonathan B. Mangel*
Jonathan B. Mangel
Deputy Attorney General