Cooper & Kirk
Lawyers
A Professional Limited Liability Company

David H. Thompson
dthompson@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

(202) 220-9600
Fax (202) 220-9601

September 1, 2026

**Via CM/ECF**
Hon. Matthew J. Skahill, U.S.M.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

**Re: *Padua et al. v. Davenport et al.* (Docket No. 1:25-cv-13527-KMW)**

Dear Judge Skahill,

Plaintiffs oppose the State's request to "administratively terminate" Plaintiffs' motion for summary judgment, to hold the State's briefing deadline in abeyance, and to stay this case. Plaintiffs have faced and continue to face a constitutional injury under the State's suppressor ban, and their claims deserve to be adjudicated.

It is unclear what issues the State believes may be resolved in forthcoming Supreme Court decisions that would be relevant to adjudicating the State's suppressor ban, referencing only "the methodology that lower courts must apply in Second Amendment cases such as this one." State's Ltr., Doc. 46 at 2 (Aug. 27, 2026). But the Supreme Court has already provided such guidance on numerous occasions, dating back to the 2008 *Heller* decision, the 2022 *Bruen* opinion, and again just a few short months ago. *See Wolford v. Lopez*, 146 S. Ct. 2032, 2043 (2026) (reiterating the applicable test); *United States v. Hemani*, 146 S. Ct. 1677, 1685 (2026). The possibility of some further general guidance does not render currently binding law null and void. And the en banc Third Circuit's opinion faithfully applied the Supreme Court's Second Amendment precedents, which the Supreme Court has reaffirmed time and again. *See Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*, 183 F.4th 211, 223, 229–30 (3d Cir. 2026) (en banc) (applying *Bruen* and *Wolford*) ("*ANJRPC*"); *Wolford*, 146 S. Ct. at 2041 (reaffirming Supreme Court precedents going back to *District of Columbia v. Heller*, 554 U.S. 570 (2008)).

Notably, the en banc Third Circuit still decided *ANJRPC* on the merits despite the Supreme Court's grant of certiorari in *Viramontes*, which came earlier in time and concerned the very same issue of AR-15 rifles. *Compare ANJRPC*, 183 F.4th 211 (decided July 17, 2026), *with Viramontes v. Cook Cnty., Ill.*, No. 25-238, 2026 WL 1871322, at *1 (U.S. June 30, 2026) (cert. granted June 30, 2026). This court should take the same approach as the Third Circuit.

In the meantime, there is certainly no cause to "administratively terminate" Plaintiffs' motion for summary judgment, State's Ltr. at 2, or to relieve the State of its briefing obligations.

Respectfully Submitted,

David H. Thompson*
Peter A. Patterson*
Athanasia O. Livas*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C., 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
**Admitted Pro Hac Vice*

s/Daniel L. Schmutter
Daniel L. Schmutter
HARTMAN & WINNICKI, P.C.
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040
(201) 967-0590 (fax)
dschmutter@hartmanwinnicki.com

*Attorneys for Plaintiffs*

cc: All counsel of record (via CM/ECF)